IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GUSTAVO REYNAGA BONILLA,<br><br>    Plaintiff,<br>v.<br><br>CREDIT ONE BANK, NATIONAL ASSOCIATION,<br><br>    Defendant. | Case No.: 3:24-cv-00837-AN<br><br>OPINION AND ORDER |

      Self-represented plaintiff Gustavo Reynaga Bonilla brings this action against defendant Credit One Bank, National Association, alleging breach of contract, breach of fiduciary duty, and violations of various federal statutes. For the reasons stated herein, this case is DISMISSED.

## LEGAL STANDARD

      When a complaint is filed by a plaintiff proceeding *in forma pauperis*, the court must dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or if the defendant is immune to monetary relief. 28 U.S.C. § 1915(e)(2). The standard used under 28 U.S.C. § 1915(e)(2) for failure to state a claim is the same as the Federal Rule of Procedure ("FRCP") 12(b)(6) standard. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

      To survive a FRCP 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

In ruling on an FRCP (12)(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.*

The court must construe pleadings by *pro se* plaintiffs liberally and must give them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "'absolutely clear'" that the deficiencies could not be cured by amendment. *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

## BACKGROUND

Plaintiff alleges that his credit card account with defendant was closed for unauthorized payment activity after he sent a "bill of exchange" to defendant with instructions to "offset the account." Compl., ECF [2], ¶¶ 11, 15-17. He appears to suggest that the billing statements issued by defendant are "bills of exchange." *Id.* ¶¶ 28-41. After the account was closed, plaintiff "communicated to Credit One in writing their responsibility to honor negotiable instruments as it is a valid form of legal tender pursuant to UCC 3-104." *Id.* ¶¶ 19. Defendant rejected this explanation and demanded payment in "Federal Reserve Notes." *Id.* ¶ 20. Plaintiff then informed defendant that it was "in dishonor pursuant to UCC 3-503" and sought again to resolve the account. *Id.* ¶ 21.

Plaintiff brings claims for breach of contract, *id.* ¶¶ 48-53; breach of fiduciary duties, *id.* ¶¶ 54-69; violations of 12 U.S.C. § 504, *id.* ¶¶ 70-72; violations of 18 U.S.C. § 1956, *id.* ¶¶ 73-76; violations of 18 U.S.C. § 2314, *id.* ¶¶ 77-81; securities and commodities fraud in violation of 18 U.S.C. § 1348, *id.*

¶¶ 82-91; peonage in violation of 18 U.S.C. § 1581, *id.* ¶¶ 92-96; enticement into slavery in violation of 18 U.S.C. § 1583, *id.* ¶¶ 97-104; sale into involuntary servitude in violation of 18 U.S.C. § 1584, *id.* ¶¶ 105-8; forced labor in violation of 18 U.S.C. § 1589, *id.* ¶¶ 109-114; and benefiting financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A, *id.* ¶¶ 115-21. He demands forgiveness of his credit card debt, an upgrade to a Platinum X5 Visa credit card with no credit limit, and $50,000,000.00 in damages. *Id.* ¶¶ 122-25.

Plaintiff's allegations are identical to those he made in a separate action filed less than two months prior to this complaint. That case was dismissed with prejudice for failure to state a claim. *Bonilla v. Capital One, National Association*, No. 3:24-cv-00377, Opinion and Order, ECF [25].

Plaintiff was granted leave to proceed *in forma pauperis* on May 24, 2024. Order, ECF [7].

## DISCUSSION

Plaintiff's complaint must be dismissed because it fails to state a claim on which relief can be granted.

Plaintiff's first claim is for breach of contract. To state a claim for breach of contract, plaintiff must allege the existence of a contract, the relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damages. *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570, 927 P.2d 1098 (1996).

Plaintiff alleges that he had a credit card account with defendant, implying the existence of some sort of agreement between the parties. He does not, however, plead the existence of any relevant terms requiring defendant to accept plaintiff's "bill of exchange" as a form of payment. Plaintiff also fails to plead his own full performance, which presumably would require tender of a valid form of payment, lack of breach, or a breach by defendant resulting in damages. Accordingly, this claim is dismissed.

Plaintiff's second claim is for breach of fiduciary duty. To state a claim for breach of fiduciary duty, plaintiff must allege the existence of a fiduciary duty, breach of that duty, and resulting damage. *Smith v. U.S. Bank, N.A.*, No. 10-3077-CL, 2011 WL 2470100, at *13 (D. Or. Apr. 22, 2011)

3

(citing *Pereira v. Thompson*, 230 Or. App. 640, 654, 217 P.3d 236 (2009)), *report and recommendation adopted*, No. 1:10-CV-03077-CL, 2011 WL 2469729 (D. Or. June 20, 2011). A fiduciary duty only exists if there is a special relationship between the parties. *Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138, 160, 26 P.3d 785 (2001).

Plaintiff makes the conclusory allegation that defendant has a "fiduciary duty to the financial success of" plaintiff but does not explain the basis for this, or any other, fiduciary duty. Compl. ¶ 56. Under Oregon law, "[a]rms-length relationships between a bank and a customer or between a borrower and a creditor do not support a tortious breach of duty claim." *Rapacki v. Chase Home Fin. LLC*, No. 3:11-CV-185-HZ, 2012 WL 1340119, at *3 (D. Or. Apr. 17, 2012) (citing *Uptown Heights Assocs. Ltd. P'Ship v. Seafirst Corp.*, 320 Or. 638, 648-50, 891 P.2d 639 (1995)). Plaintiff's allegations describe a relationship between a bank and a customer, which is insufficient to state a claim for breach of fiduciary duty. Plaintiff's claim is, therefore, dismissed.

    3.    *Remaining Claims*

Plaintiff's remaining claims are brought under various federal statutes. No private right of action exists for any of the statutes under which plaintiff asserts claims. *See Aaronson v. Kangarani*, No. 1:19-CV-00468-CL, 2019 WL 3490447, at *3 (D. Or. June 20, 2019) (no private cause of action under 18 U.S.C. § 1956), *report and recommendation adopted*, No. 1:19-CV-00468-CL, 2019 WL 3462540 (D. Or. July 31, 2019); *Nesbit v. Blue Streak Elecs.*, No. 3:20-CV-2255-JR, 2021 WL 1041192, at *2 (D. Or. Feb. 18, 2021) (no private cause of action under 18 U.S.C. § 2314), *report and recommendation adopted*, No. 3:20-CV-02255-JR, 2021 WL 1041118 (D. Or. Mar. 17, 2021); *Smith v. Osvaldik*, No. 1:23-CV-01488-HBK, 2023 WL 8698359, at *4 (E.D. Cal. Dec. 15, 2023) (no private cause of action under 18 U.S.C. § 1348); *Partin v. Gevatoski*, No. 6:19-cv-1948-AA, 2020 WL 4587386, at *3 (D. Or. Aug. 10, 2020) (no private cause of action under 18 U.S.C. § 1581); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) (no private cause of action under 18 U.S.C. § 1583); *Spinks v. Lewandowski*, No. 08-6266-AA, 2009 WL 1421209, at *1 (D. Or. May 20, 2009) (no private cause of action under 18 U.S.C. § 1584); *Compton v. Pavone*, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (unpublished)

(no private cause of action under 18 U.S.C. § 1589); *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (no private cause of action under 18 U.S.C. § 1593A). Accordingly, plaintiff's remaining claims are dismissed.

Although plaintiff does not explicitly identify himself as such, both the complaint and the proposed amended complaint are "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking & Tr. Co.*, No. 2:17CV785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). For example, plaintiff appears to subscribe to the "strawman" theory that a person's name, when spelled in all capital letters, refers to a separate legal entity, *see Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008), frequently cites to the Uniform Commercial Code, and argues that a "promissory note" or similar document is a form of money, a meritless assertion that courts "have easily rejected." *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *4 (D. Haw. June 23, 2017). Plaintiff's legal claims are frivolous and have been "rejected by countless federal courts." *Caetano v. Internal Revenue Serv.*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023) (collecting cases), *report and recommendation adopted*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023). Because these types of claims have been "consistently and thoroughly rejected by every branch of the government for decades[,] . . . advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, this case is DISMISSED with prejudice because the complaint's deficiencies could not be cured by amendment.

The Court finds that any appeal from this order would not be taken in "good faith." 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) (defining good faith as objective determination that party's issues are not frivolous). Therefore, plaintiff's *in forma pauperis* status is revoked.

IT IS SO ORDERED.

DATED this 30th day of July, 2024.

*Adrienne E. Nelson*
Adrienne Nelson
United States District Judge